Justice Laurie McKinnon, dissenting.
¶26 I concur with the Court's decision to award Al attorney fees and prejudgment interest, but I dissent from its decision to reverse and remand for further proceedings to determine the amount of fees. The Court errs when it concludes the billing records themselves had to be admitted into evidence in order for the District Court to determine that the fees were reasonable. We have previously avoided establishing a per se rule requiring an attorney to admit billing records to substantiate reasonableness of fees. I would not deviate from our precedent nor limit the trial court's discretion in determining the evidence offered supports that the fees were reasonable.
¶27 Our review of a trial court's decision regarding the reasonableness of attorney fees is limited to whether the court abused its discretion. Here, there was substantial evidence in the record from which the ***506 District Court could assess the reasonableness of fees. Al's expert witness, Doug Allen, gave his opinion at the hearing that attorney fees of $ 45,894 were reasonable. Allen based his opinion on his review of the billing statements; the extensive history between the parties and complexity of the litigation; the numerous appellate briefs and litigation before this Court; the large amount of property involved; and the challenges presented when litigating such diverse and wide-ranging claims. Neither Allen's expertise nor the hourly rate he quoted as reasonable were disputed by Pam's counsel, Nathan Hoines.
¶28 In Tacke v. Energy West, Inc. , 2010 MT 39, 355 Mont. 243, 227 P.3d 601, the trial court awarded Tacke's counsel attorney fees despite Tacke's failure to submit into evidence billing records detailing her request. Tacke argued she was not required to file contemporaneous billing records and her evidence-"two affidavits containing a total of seven sentences, expert deposition testimony, and testimony from Tacke's counsel"-was sufficient to carry her burden. Tacke , ¶ 34. The trial court concluded it was familiar with the case and validated the hours requested as reasonable. This Court, after noting the "temp[tation]" to deny attorney fees where billing records have not been maintained and offered to prove fees are reasonable, respected the standard of review and held the trial court "conducted a careful review of the fee issue and we conclude that it exercised conscientious judgment and did not clearly err in approving the fee award." Tacke , ¶¶ 34, 38. We explained that we were "not adopt[ing] a per se rule" requiring admission of contemporaneous billing records, but nonetheless encouraged them to be provided in support of a fee request. Tacke , ¶ 38.
¶29 Here, counsel filed Allen's expert disclosure, which included a sealed envelope *427 containing the billing statements. Hoines objected to admission of the documents based on foundation, although his dispute was not "that the matter in question [was not] what its proponent claim[ed]," M. R. Evid. 901(a) ; that is, that the documents were not the billing statements from the attorneys. Rather, Hoines took issue with time spent on particular assignments. The Standing Master first admitted the billing records as demonstrative exhibits and then, following a portion of Allen's testimony, into evidence. The record reflects the Standing Master concluded Allen's testimony had overcome any objection Hoines made to foundation and the records should be admitted.
¶30 Trial courts are given broad discretion in controlling the admission of evidence. Seltzer v. Morton , 2007 MT 62, ¶ 65, 336 Mont. 225, 154 P.3d 561. We review evidentiary errors, such as this, for an ***507 abuse of discretion. Seltzer , ¶ 65. Here, the Court decides this is error because Allen had no personal knowledge of the records; however, the Standing Master, although aware of the foundational objection, concluded otherwise. Nonetheless, to the extent there was an evidentiary error in admitting the documents, we will not reverse a court's evidentiary ruling for abuse of discretion unless the error constitutes reversible error. Seltzer , ¶ 65. Reversible error occurs when a substantial right of the appellant is affected, or when the challenged evidence affected the outcome of the trial. Seltzer , ¶ 65. Based on this record, I cannot conclude there was reversible error. There was no genuine dispute as to authentication or foundation of the records-Hoines never argued the documents were not the billing records of the various law firms and attorneys. Furthermore, the trial court properly considered evidence of the records through Allen's testimony, as Allen reviewed the records and relied upon them when forming his opinion. Accordingly, even assuming the Standing Master made an evidentiary error and abused her discretion in admitting the records, the error did not affect Pam's substantial rights or the outcome of the hearing. Allen still established the fees charged were reasonable, and he was entitled to consider the records in forming his opinion. No reversible error occurred.
¶31 I also cannot ignore the procedural difficulties this litigation has presented. Two years following the March 10, 2015 hearing, the Standing Master had still not issued an order on reasonableness of fees. Likely as a result of this delay, the District Court, on March 24, 2017, vacated the order referring the matter to the Standing Master to render the decision itself. The District Court reviewed the hearing testimony, exhibits, court records, and the various paths this extensive litigation had traversed. The District Court issued an order on March 20, 2018, finding Al's fee request was reasonable-almost exactly three years after the attorney fees hearing and five years after Al filed his initial request for attorney fees on November 15, 2013. The District Court noted there were two parallel cases: the present case was filed 16 years ago and the related case was filed 14 years ago. Nearly 350 documents had been filed between the two cases. The court observed the issues were far-reaching and included family law, fraud, collateral estoppel, judicial estoppel, unconscionability and enforceability of a contract, motions to compel, and contract law. The court noted one prior appeal this Court decided which affirmed enforceability of the Settlement Agreement and was thus favorable for Al. The amount requested, $ 45,894, represented work of several attorneys from different law firms, two of whom were named partners. The court noted ***508 the success counsel had achieved and considered the seven nonexclusive factors this Court requires when determining reasonableness of fees, citing Houden v. Todd , 2014 MT 113, ¶ 37, 375 Mont. 1, 324 P.3d 1157. Notably none of the factors suggest the trial court must admit the attorney's billing records into evidence before making a decision on reasonableness. The District Court's findings of fact and conclusions of law were thorough and addressed all requirements we have imposed on trial courts when deciding issues related to reasonableness of fees. This Court should restrain its urge to "tweak" and "micro-manage" trial courts when a matter is committed to the trial court's discretion. The District Court did not abuse its discretion. *428 ¶32 I cannot, in good conscience and under the procedural circumstances of this case, prolong this litigation any further based on a poorly reasoned "foundational" objection made by Pam's counsel. The Court's decision to remand for error which does not affect Pam's substantial rights or the outcome of the issue will prolong resolution for at least another year or two and likely result in another appeal. The odds are good that this case, originally a family law matter, will be litigated for close to twenty years. There was no dispute that these were the actual billing records of Al's counsel. To the extent there was error in admitting the records, it was not reversible error. More importantly, however, Al met his burden of establishing the reasonableness of fees through Allen's testimony. The District Court issued a well-reasoned opinion supporting its decision, which we should affirm under our discretionary standard of review.
¶33 I would affirm the entire decision of the District Court.